Filed 6/17/22  P. v. Wedel CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER LAWRENCE WEDEL,<br><br>    Defendant and Appellant. | F081897<br><br>(Fresno Super. Ct. No. CF02907603-5)<br><br>**ORDER MODIFYING OPINION<br>(NO CHANGE IN JUDGMENT)** |

**THE COURT**[*]

It is ordered that the opinion filed herein on June 13, 2022, be modified as follows:

1.  On page 2, the last sentence of the first full paragraph is deleted and the following sentence is inserted in its place:

> However, upon review of the record and arguments, we find that the trial court had an independent basis to reject the petition without further briefing.  Accordingly, we affirm the order without prejudice to filing a subsequent petition that satisfies the statutory requirements.

There is no change in judgment.

HILL, P. J.

---

[*]        Before Hill, P. J., Franson, J. and Peña, J.

Filed 6/13/22  P. v. Wedel CA5 (unmodified opinion)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LAWRENCE WEDEL,<br><br>Defendant and Appellant. | F081897<br><br>(Super. Ct. No. CF02907603-5)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Franson, J. and Peña, J.

Appellant Christopher Lawrence Wedel appeals following the denial of his petition for resentencing under the then applicable statute, Penal Code former section 1170.95 (Stats. 2018, ch. 1015, § 4). The parties agree that the trial court erred in making certain factual findings and thus should not have denied appellant's motion at the prima facie stage of the statutory proceedings. Upon review of the record and arguments, we agree and therefore reverse the trial court's order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2003, an information was filed alleging appellant and Robert Lynn Upchurch committed murder. Appellant was ultimately convicted of second degree murder after a jury trial.

In appellant's direct appeal from his conviction, this court provided a factual background regarding the evidence presented at trial and noted that the prosecution had proceeded only upon a charge of second degree murder, relying on an implied malice theory and a second degree felony murder theory. (*People v. Wedel* (May 3, 2005, F044476) [nonpub. opn.].)[1]

On June 11, 2020, appellant petitioned for resentencing under Penal Code former section 1170.95 by submitting a preprinted form. By checking various boxes, appellant alleged he had been charged with an offense that allowed the prosecution to proceed under a felony murder theory, that he was convicted of second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and that he could no longer be convicted of second degree murder because of changes made to Penal Code sections 188 and 189. Appellant requested appointment of counsel and checked boxes stating he "was not the actual killer," "did not, with the intent to kill, aid, abet, … or assist the actual killer in the commission of murder in the first degree," "was not a

---

[1] This court grants the People's motion for judicial notice of this court's prior opinion. (*People v. Wedel*, *supra*, F044476.) As the facts are not relevant at this stage of the proceedings, we do not repeat them here.

major participant in the felony," "did not act with reckless indifference to human life during the course of the crime," and that the victim was not a peace officer.

No opposition appears to have been filed. Rather, on September 25, 2020, the trial court summarily denied appellant's petition on two grounds. First, the court found appellant had failed to serve the proper parties.[2] Second, the court found appellant "failed to make a prima facie showing" because appellant "was more than a mere participant in the crime. [Appellant] was a major participant in the underlying felony and acted with reckless indifference to human life."

This appeal timely followed.

## DISCUSSION

In its responsive brief, the People state "the superior court appears to have correctly found appellant's petition facially insufficient because he failed to serve his trial counsel with his petition." However, the People argue that "[i]n any event, the superior court's determination that appellant had failed to state a prima facie case for relief was incorrect" and proceed to concede the case should be remanded for further proceedings.

We accept that the trial court's determination appellant was a major participant cannot stand under the controlling law. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 ["[The] authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)."], abrogated on another ground in *People v. Lewis* (2021) 11 Cal. 5th 952, 963.) However, this potential error does not require a remand in this instance.

---

**2** The court did send a receipt of filing of petition for resentencing to all relevant parties under the statute on June 18, 2020.

3.

Under Penal Code section 1170.95, subdivision (b)(1), the petition filed must be served "on the district attorney, or on the agency that prosecuted the petitioner, and on the attorney who represented the petitioner in the trial court or on the public defender of the county where the petitioner was convicted." Appellant's petition did not satisfy this requirement. Under Penal Code section 1170.95, subdivision (b)(2), "If any of the information required by [Penal Code section 1170.95, subdivision (b)] is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." Because appellant did not properly serve his petition, the trial court was within its statutory authority to deny the petition without prejudice. We find no error in its choice to do so before any briefing was submitted and note appellant remains eligible to refile his petition if he so desires.

**DISPOSITION**

The order denying appellant's petition for resentencing pursuant to Penal Code former section 1170.95 is affirmed, without prejudice to filing a properly served petition.

4.